

# NUMBER 13-24-00176-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KELLY HETTINGER A/K/A
KELLY CHRISTINA,                                              Appellant,

v.

ANDREW HETTINGER,                                            Appellee.

## ON APPEAL FROM THE 370TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS



# NUMBER 13-24-00177-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MICHAEL LOUIS MINNS,**                                                          **Appellant,**

**v.**

**ANDREW HETTINGER,**                                                            **Appellee.**

---

## ON APPEAL FROM THE 370TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Fonseca
### Memorandum Opinion by Chief Justice Tijerina

Appellants Kelly Hettinger a/k/a Kelly Christina[1] and Michael Louis Minns[2] appeal

the trial court's denial of their motions to dismiss a defamation suit filed by appellee

---

[1] Appellate court cause number 13-24-00176-CV.

[2] Appellate court cause number 13-24-00177-CV.

Andrew Hettinger. By four issues, Kelly argues the trial court erred by: (1) denying her motion to dismiss under the Texas Citizens Participation Act (TCPA), *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); (2) denying her requests for attorney's fees and sanctions; (3) finding that her motion was untimely filed; and (4) overruling her objections to Andrew's affidavit. By two issues, Minns argues the trial court erred by denying his TCPA motion to dismiss and by not sustaining his objections to Andrew's affidavit. We affirm in both causes.

## I. BACKGROUND

On November 30, 2023, Andrew sued Kelly and her attorney Minns for defamation per se.[3] According to Andrew's petition, on August 16, 2023, Kelly and Minns made false statements about Andrew to "an SBA [Small Business Administration] lender." Andrew alleged that "[s]uch false statements indicated that Andrew . . . was filing false or fraudulent SBA loan applications regarding various companies which he managed," and that Kelly and Minns "made false statement[s] of fact that Andrew . . . had stolen Kelly['s] tax identification number and/or stolen her identity." Andrew alleged that he has suffered "defamation of character, embarrassment, humiliation, and other damages."

Minns filed special exceptions, asserting that Andrew's statements are "global allegations" and should be stricken. Minns further claimed that any statements he made were in his capacity as attorney and agent for Kelly and therefore "attorney immunity" applied. Lastly, Minns claimed that "any relevant statements that he made to the legal

---

[3] Kelly and Andrew engaged in a vitriolic divorce proceeding beginning in 2019. Several matters arising from the divorce are pending before this court in other appeals.

representative [SBA]" were "absolute privileged communications" under the doctrine of quasi-judicial immunity.

On February 5, 2023, Kelly filed a TCPA motion to dismiss. In her motion, Kelly alleged that Andrew and Abby, with whom he had an extra marital affair, conspired against her to obtain loans against several of her businesses without her consent. According to Kelly, Andrew used personal identifying information without her knowledge, and obtained loans in contravention of the CARES Act, which caused her to become "grievously concerned about civil and criminal liability." She asserted that Minns, as her attorney, contacted the SBA to protect her from repercussions related to the fraudulent loans. Kelly stated that she and Minns together filed a declaration of identity theft "for her protection."

Kelly argued that the actions taken by her were in furtherance of her right to free speech and right to petition "the government for protection from potentially being the subject of allegations of fraud." She claimed that "the issuance of fraudulent or unsupported loans to entities by the Federal government is a matter of concern to the public." In her motion, Kelly also argued that Andrew could not establish a prima facie case and that she established the following affirmative defenses: substantial truth, quasi-judicial immunity, lack of standing, qualified privilege, and limitations. Kelly requested that the trial court dismiss Andrew's petition and award her attorney's fees and sanctions in defending against Andrew's claims. As evidence in support of her petition, Kelly attached her affidavit, Minn's affidavit, and a letter from Minns to the SBA.

Minns filed a similar TCPA motion to dismiss on February 8, 2024. In his motion, Minns claimed that he helped Kelly file an identity theft declaration with the SBA and

4

helped her return money "to limit her potential criminal liability for taking out those loans." Minns asserted that Andrew's "legal action is in response to [Minn's] exercise of his duties as an attorney to assist his client in her right to petition the" SBA and is based on his exercise of his right to free speech and right to petition. Further, according to Minns, Andrew cannot establish by clear and specific evidence a prima facie case while Minns, on the other hand, established the following affirmative defenses: (1) substantial truth, (2) attorney immunity, (3) quasi-judicial immunity, and (4) lack of standing.

Andrew responded to the motions to dismiss, claiming that Kelly's motion to dismiss was untimely. Andrew further argued that appellants did not submit summary judgment evidence to support their motions to dismiss, that his defamation suit was not a matter of public concern, and that nothing in his petition implicated Kelly's right to petition. According to Andrew, the documents attached to appellants' affidavits were unauthenticated, hearsay, inadequate, speculative, conclusory, and lacked personal knowledge. Andrew further asserted that he proved by clear and convincing evidence a prima facie defamation case, and appellants' affirmative defenses are "unproven and unsubstantiated." He attached his affidavit, several different e-mails from Kelly's counsel, SBA, Minns, and himself.

On March 5, 2024, Minns objected to Andrew's affidavit on the grounds that it was self-serving, speculative, lacked personal knowledge, was not readily convertible, relied on hearsay, was based on legal conclusions, and was not authenticated. Kelly also filed the same objections.

On March 6, 2024, the trial court held a hearing on appellants' motions to dismiss. The parties reurged their arguments. The trial court reasoned:

5

[I]f I went to the SBA, and I knew you were getting a CARES Act loan, and I told them, "Listen, this is wrong. I know this law firm. They don't need that. Blah, blah, blah, blah, blah"—and I'm accusing you of fraud—Just because I'm accusing you of fraud doesn't mean I'm not being slanderous and that I'm not subject to a lawsuit, because I may not know enough. I—And this, I guess, goes to the core of slander. Truth is a defense. And if truth—If it's true—If it's true, that's a defense. Anti-SLAPP is different. Anti-SLAPP is protected speech that allows people to exercise their right to speech. But even then, it has to be speech that is protected. And slander is never protected—ever . . . . I refuse to believe—and the law does not recognize— that as long as you slander someone through a governmental agency or through a Court, that you're not subject to slander. That's not the law.

Following this hearing, the trial court denied appellants' motions to dismiss. This appeal followed.

## II.   TCPA

By their first issue, appellants argue that the trial court erred by denying their motions to dismiss under the TCPA.

### A.   Applicable Law & Standard of Review

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. We construe the TCPA "liberally to effectuate its purpose and intent fully." *Id.* § 27.011(b); *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018).

Under the TCPA, a party may file a motion to dismiss a legal action if the "legal action is based on or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association." *Id.* § 27.003(a). First, the movant has the burden to demonstrate that the TCPA applies. *See id.* § 27.005(b). To meet this burden, the

6

movant must demonstrate that the nonmovant's legal action is based on or in response to the movant's exercise of a right to associate, speak freely, or petition. *Id.* If the movant meets its initial burden, the burden then shifts to the party bringing the legal action to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish, as a matter of law, any valid affirmative defense. *Id.* § 27.005(d).

As defined by the TCPA, the "exercise of the right of free speech" is "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A "matter of public concern" includes "a matter of political, social, or other interest to the community" or "a subject of concern to the public." *Id.* § 27.001(7). The TCPA defines "exercise of the right to petition" to include "a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." *Id.* § 27.001(4)(C). The statute defines "communication" as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

In making a TCPA determination, the trial court considers the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Id.* § 27.006(a); *see* TEX. R. CIV. P. 166a (stating evidence trial court may consider in summary judgment proceeding). We review de novo whether the parties have met their

respective TCPA burdens. *See Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021).

**B.    Discussion**

Kelly and Minns had the initial burden to show that Andrew's "legal actions" were based on or was in response to their exercise of the rights to petition or speak freely. In her motion to dismiss, Kelly asserted that she was exercising her right to free speech or right to petition in order to provide information to the SBA as she was speaking on a matter of public concern. Specifically, Kelly claimed she was protecting herself against her personal liability for fraudulent loans and against allegations defrauding the SBA in obtaining and spending funds under false pretenses. Kelly argues that allegations of identity theft relate to economic and community well-being. Minns made similar statements in his motion to dismiss.

To meet their burden, appellants had to show that "[t]he communication on which the suit is based [had] some relevance to a public audience. Absent this limiting principle, grounded in the statute's text, the TCPA would apply to communications made as part of any private business deal involving any industry that impacts economic or community well-being." *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 916 (Tex. 2023); *see also Neuman v. Hamilton*, No. 13-23-00176-CV, 2024 WL 859530, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 29, 2024, no pet.) (mem. op.) ("[A] communication cannot be made in connection with a matter of public concern unless it had relevance to a public audience at the time it was made."). Under Kelly's broad view, "the TCPA and its accompanying dismissal procedures would apply to any suit involving

any communication about any economically important entity." *McLane*, 671 S.W.3d at 918.

The record reflects that the complained-of communications by Kelly and Minns to SBA do not have relevance to the public but instead were limited to the pecuniary interest of Kelly alone. *See Morris v. Daniel*, 615 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Private disputes, whether sounding in contract or in tort, that merely affect the fortunes of the litigants are not matters of public concern."); *see also Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 477 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) ("[T]he communications had no public relevance beyond the pecuniary interests of the private parties.") (internal citation omitted). Nothing in Andrew's pleading indicates that at the time Kelly made the statements, those statements were relevant to matters "of political, social, or other concerns to the community" as opposed to purely private matters: Andrew was allegedly obtaining loans on Kelly's behalf without her consent. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002(7); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) ("Our focus instead has been on the pleadings and on whether, as a matter of law, they are based on or relate to a matter of public concern."); *Neuman*, 2024 WL 859530, at *4 ("[N]othing in the Board's pleading indicates that the complained-of communications were relevant to the public beyond that of the parties' private interests.").

Andrew claims that he has been "blacklisted" from the SBA and can no longer obtain any loans from it. Even assuming that this allegation is true, the alleged defamatory statements had no obvious effect on the public and are relevant only to Andrew and Kelly. *See McLane*, 671 S.W.3d at 918 ("The effect on the public writ large . . . was the same.");

9

*Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 468 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (en banc) (providing that tort claims with no potential impact on wider community or public audience are not matters of public concern under the TCPA); *see also Neuman*, 2024 WL 859530, at *4 ("Assuming that these allegations are true, the Board's correction of the alleged misrepresentations had no obvious effect on the public and would have only been relevant to RAAR."). That the subject of the dispute—an SBA loan—must comply with governmental guidelines does not render the specific communications at issue relevant to a public audience. *See McLane*, 671 S.W.3d at 919; *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019) ("A private dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words.").

As to her right to petition, Kelly asserts: "The statements of [appellants] on or about August 16, 2023, to James E. Haselden, a Paralegal Specialist for the SBA that allegedly accused [Andrew] of fraud and identity theft were in furtherance of [Kelly's] right to petition and trigger protection to Christina under the [TCPA]." However, Kelly does not explain how the communications to Haselden in 2023 involved her right to petition, does not provide us with legal analysis, and we are prohibited from fashioning a legal argument for her when she has failed to do so. *See* TEX. R. APP. P. 38.1(i). The Legislature has expressly defined the term "exercise of the right of petition," and accepting Kelly's general assertion, without more, would be disloyal to the Legislature's enacted text. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(C). Therefore, we cannot conclude that appellants' alleged statements to the SBA constitute "a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other

10

governmental body or in another governmental or official proceeding." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(C).

Minns states that he was exercising his right to petition on behalf of his client when communicating with the SBA, and that reporting a crime implicates a person's right to petition. However, the cases Minns relies on involve the filing of police reports with different police departments for alleged crimes. *See Bibby v. Bibby*, 634 S.W.3d 401, 408-09 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Ford v. Bland*, No. 14-15-1500828-CV, 2016 WL 7323309, at *1 (Tex. App.—Houston [14th Dist.] Dec. 15, 2016, no pet.) (mem. op.); *Murphy USA, Inc. v. Rose*, No. 12-15- 00197-CV, 2016 WL 5800263, at *3 (Tex. App.—Tyler Oct. 5, 2016, no pet.) (mem. op.). Because similar facts are not before us in this case, we decline to follow this authority. *See Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018) ("[W]e do not opine on whether an attorney has a constitutional right to petition that encompasses speaking on behalf of a client.").

In sum, we conclude the alleged misrepresentations Kelly and Minns made to the SBA were made in connection with Kelly's interest in protecting herself from potential liability and concern private disputes between Kelly and Andrew. There is no indication in the record that the dispute between the two "had any relevance to the broader marketplace or otherwise could reasonably be characterized as involving public concerns." *Creative Oil & Gas*, 591 S.W.3d at 136; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. Because Kelly and Minns have not established that the TCPA applies to Andrew's claim, the burden never shifted to Andrew to establish by clear and specific evidence a prima facie case for each element for their claim, and therefore, the trial court properly denied the TCPA motions to dismiss. *See id.* § 27.005(c). We overrule

11

appellants' first issue. Because this issue is dispositive, we need not address appellants'

remaining issues. *See* TEX. R. APP. P. 47.1.

### III.    CONCLUSION

We affirm the judgments of the trial court.

JAIME TIJERINA<br>
Chief Justice

Delivered and filed on the
18th day of June, 2025.